**UNITED STATES of America,
Appellee,**

v.

**Joseph A. CASTELLO, Defendant–
Appellant.**

**No. 07–4533–cr.**

United States Court of Appeals,
Second Circuit.

Jan. 30, 2009.

Burton T. Ryan, Jr., Assistant United States Attorney (David C. James, Diane Leonardo–Beckmann, on the brief), for Benton J. Campbell, United States Attor-

ney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Murray E. Singer, Great Neck, NY, for Defendant–Appellant.

Present: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Joseph A. Castello appeals from the September 26, 2007, 2007 WL 2778686, judgment of the United States District Court for the Eastern District of New York (Wexler, J.), following his conviction, after a jury trial, of failure to file Currency Transaction Reports ("CTRs") in violation of 31 U.S.C. §§ 5313, 5322(a). We assume the parties' familiarity with the underlying facts and the procedural history of this case.[1]

### ■ *Sufficiency of the Evidence*

Castello argues that the evidence produced at trial was insufficient to prove the requisite mental state, i.e., that he *knowingly* and *willfully* failed to file CTRs for checks made out in amounts over $10,000. We disagree.

At trial, David Azar, a manager of a check-cashing business, testified that he and Castello had an arrangement by which Castello would cash checks through Azar's business and that as part of this arrangement, Castello "agreed to file CTRs on his customers." This testimony is direct evidence that Castello's failure to file CTRs was knowing and willful. The government also introduced evidence that Castello charged a client a higher fee for cashing checks over $10,000 and that he instructed a client to write checks for $10,000 or less "because it was easier for the government not to discover it that way," further supporting the inference that Castello know-

ingly and willfully evaded the reporting requirement. Moreover, Castello testified that he had been involved in the check-cashing business for many years—including working at a retail check-cashing operation prior to opening his own business—and that he had cashed hundreds of millions of dollars' worth of checks. This testimony casts doubt on Castello's characterization of himself as an unsophisticated layperson who did not understand his reporting duties. Although Castello attempts to discredit Azar's testimony and points to circumstantial evidence that could support his innocence, "[w]e defer to the jury's determination of the weight of the evidence and the credibility of the witnesses, and to the jury's choice of the competing inferences that can be drawn from the evidence." *United States v. Morrison,* 153 F.3d 34, 49 (2d Cir.1998). Accordingly, we conclude that a rational juror could have found, beyond a reasonable doubt, that Castello's failure to file CTRs was knowing and willful. *See United States v. Riggi,* 541 F.3d 94, 108 (2d Cir. 2008) ("A conviction will be affirmed if, viewing all the evidence in the light most favorable to the prosecution, '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979))).

### ■ *Statute of Limitations*

Castello also raises a statute of limitations defense to his conviction. Because Castello never raised this defense at the trial level, we deem it waived. *See United States v. Walsh,* 700 F.2d 846, 855–56 (2d Cir.1983) (holding that the statute of limitations is an affirmative defense "not cog-

---

1. Castello also appeals the district court's orders imposing restitution and forfeiture as part of his sentence, which we address in a companion published opinion.

nizable on appeal unless properly raised below").

For the reasons discussed, the judgment of conviction of the district court is AFFIRMED. In a companion published opinion, we VACATE the district court's orders of forfeiture and restitution and REMAND for further proceedings consistent with that opinion.